## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAROD CAGER, | ) |
| | ) |
| | ) |
| Petitioner, | ) |
| | ) Civil Action No. 22-316 |
| v. | ) |
| | ) |
| JOHN RIVELLO, THE ATTORNEY | ) |
| GENERAL OF THE STATE OF | ) |
| PENNSYLVANIA,  DISTRICT | ) |
| ATTORNEY OF ALLEGHENY COUNTY, | |
| | |
| Respondents. | |

### **MEMORANDUM ORDER**

On February 18, 2022, Petitioner Jarod Cager ("Cager" or "Petitioner") commenced this civil action in which he seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). Cager challenges his 2014 judgment of sentence imposed in CP-02-CR-13713-2011 in the Allegheny County Court of Common Pleas following his conviction by a jury of first-degree murder and carrying a firearm without a license. His habeas case was referred first to Magistrate Judge Lenihan, then reassigned to Magistrate Judge Eddy, and was thereafter reassigned to Magistrate Judge Taylor. Judge Taylor has issued a Report and Recommendation (R&R) in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1) and Local Civil Rule 72 recommending that the Petition for Writ of Habeas Corpus be denied and that no certificate of appealability issue. (Docket No. 39). Objections to the R&R were due by February 19, 2025 (*id.*), but no objections were filed. For the reasons stated herein, consistent with Judge Taylor's recommendation, the Court will deny Petitioner's habeas petition.

District court judges review *de novo* any part of an R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(2), (3); 28 U.S.C. § 636(b)(1). Where, as here, there are no objections

to the R&R, the Court reviews the decision of the magistrate judge for plain error.  *See Brightwell v. Lehman*, 637 F.3d 187, 193 (3d Cir. 2011) (citing *Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007)); *see also* Fed. R. Civ. P. 72(b), Advisory Committee's Note to 1983 Addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. U.S. Dist. Ct. for N.D. Cal.,* 501 F.2d 196, 206 (9th Cir. 1974))).

Having reviewed the petition, the record, and R&R in this case, the Court finds no error. Judge Taylor identifies six habeas claims in Petitioner's petition, and another four claims he arguably raised in a reply brief.  (Docket No. 39 at 8-9).  Most of the claims relate to alleged ineffective assistance of counsel: (1) ineffective assistance of counsel for trial counsel's failure to investigate, interview, and call Clayton McCray who would have testified about (a) Jason Daniels' confession to the underlying murder of Antwan Leake and (b) a shootout between Leake and Daniels one day prior to Leake's killing; (2) ineffective assistance of trial counsel for failing to move for a mistrial based on events with potential jurors, actual jurors, and individuals in the gallery during trial; (3) ineffective assistance of trial counsel for failing to investigate and call alibi witnesses; (4) ineffective assistance of trial counsel for failing to ask that the jury be voir dired relative to each alleged incident of jury tampering; (5) ineffective assistance of trial counsel for failing to ask for a curative instruction for incidents of alleged witness and/or jury tampering; (6) ineffective assistance of trial counsel for failing to present "other suspect" evidence, specifically (a) other witness testimony and (b) police investigation and District Attorney's Office information about a shootout between Leake and Daniels; and (9) ineffective assistance of trial counsel for failure to move for recusal of the judge.  (*Id.*).  Petitioner's other claims are: (7) that the prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1963) for failing to disclose evidence about Daniels'

murder; (8) that the trial court erred by denying Petitioner's requests for discovery related to Daniels' murder; and (10) his conviction of first-degree murder was unlawful where the Commonwealth initially charged him with general criminal homicide.  (*Id.*).  Regarding Petitioner's exhaustion of these claims, Judge Taylor recommends finding that claim one was partially exhausted, claims two and three were exhausted, and claim six was partially exhausted. (*Id.* at 11).  Judge Taylor further recommends that such claims should be denied because the state court's decision on those claims was not contrary to clearly established federal law, nor involved an objectively unreasonable application of the law, and Petitioner has neither demonstrated that the state court decision was based on an unreasonable determination of the facts.  (*Id.* at 23-25). The Court detects no error in Judge Taylor's recommended resolution of these claims.

For Petitioner's other claims, Judge Taylor recommends finding that claim one was partially procedurally defaulted, claims four and five were procedurally defaulted, claim six was partially procedurally defaulted, and claims seven through ten were procedurally defaulted.  (*Id.* at 25).  When a habeas petitioner does not fairly present his or her claim to the state courts and state law forbids review, "exhaustion is excused, but the doctrine of procedural default may come into play." *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002) (citations omitted).  The district court "may not consider the merits of a procedurally defaulted claim unless the applicant establishes 'cause' to excuse the default and actual 'prejudice' as a result of the alleged violation of the federal law or unless the applicant demonstrates that failure to consider the claim will result in a fundamental 'miscarriage of justice.'" *Id.* (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).  As a general matter, "cause" does not include ineffective assistance of counsel in collateral proceedings; however, pursuant to the Supreme Court's decision in *Martinez v. Ryan*, 566 U.S. 1 (2012), "[i]nadequate assistance of counsel at initial-review collateral proceedings may

establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial" if the petitioner can show (1) "his procedurally defaulted ineffective assistance of trial counsel claim has 'some merit'" and (2) "his state-post conviction counsel was 'ineffective under the standards of *Strickland v. Washington*.'"  *Workman v. Superintendent Albion SCI*, 915 F.3d 928, 937 (3d Cir. 2019) (citations omitted).   In this matter, Judge Taylor recommends that for Petitioner's ineffective assistance of counsel claims one, four, five, six, and nine, Petitioner has not shown that procedural default of such claims can be excused for cause pursuant to *Martinez* (Docket No. 39 at 25-29) and—having reviewed that analysis and the record—the Court detects no error.  With respect to claims seven, eight and ten, which are Petitioner's procedurally defaulted claims premised on an alleged *Brady* violation, alleged trial-court error related to denials of discovery requests, and the purported unlawfulness of his conviction in light of how he was charged, Petitioner fails to explain how his procedural default of such claims is excused by cause and prejudice, or how this Court's failure to consider such claims would result in a fundamental miscarriage of justice.  *See Carpenter*, 296 F.3d at 146.  Accordingly, this Court agrees with Judge Taylor's recommendation that all of Petitioner's claims be denied.

Regarding the certificate of appealability ("COA"), "a COA may not issue unless 'the applicant has made a substantial showing of the denial of a constitutional right.'"  *Slack v. McDaniel*, 529 U.S. 473, 483 (2000) (quoting 28 U.S.C. § 2253(c)).  When a habeas petition is denied "on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.* at 484.  Judge Taylor recommends that, pursuant to the applicable COA standard, no COA should

issue in this case.  This Court agrees.  For the foregoing reasons, the Court hereby enters the following Order:

AND NOW, this 6th day of June 2025, IT IS ORDERED that Petitioner's petition for a writ of habeas corpus (Docket No. 1) shall be, and hereby is, DENIED with prejudice and the R&R of Magistrate Judge Taylor (Docket No. 39) is adopted as modified.  IT IS FURTHER ORDERED that no certificate of appealability shall issue.  The Clerk of Court shall mark this case closed.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc:    Jarod Cager (**via U.S. mail**)
       LQ3327
       SCI Huntingdon
       1100 Pike Street
       Huntingdon, PA 16652

       Jarod Cager (**via U.S. mail**)
       LQ3327
       SCI Frackville
       1111 Altamonte Blvd.
       Frackville, PA 17931-2699

ecf:   All counsel of record

5